# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# Case No. _12-CV-21980-_____

# The attached hand-written document
# has been scanned and is
# also available in the
# SUPPLEMENTAL
# PAPER FILE

(1" from top of page, and centered, begin title of Court)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _12-CV-21980_ -CV-_____ _Cooke_

(Judge's Last Name/Magistrate's Last Name)

_MAURICE Symonette et AL_

_____

_____

(Full Name of Plaintiff/s) ,

    Plaintiff (s)

FILED by _GHAR_ D.C.

DEC 28 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. -- MIAMI

vs. _AURORA LOAN SERVICES et AL_

_Richard Baron_

_Home Owner Association_

(Full Name of Defendant/s),

    Defendant(s).

_____/

### TITLE OF DOCUMENT

I, _MAURICE Symonette_ [plaintiff or defendant], in the above styled

cause, _Complaint Against Judge Laurel M. Isicoff_

_For Prejudice And Racism_ _____

_____

_____

_____

_____

12 – 28 – 2012
Dated: Month, day, year

Respectfully submitted,

Maurice Symonette
Name of Filer
Pro-SE

_____
Attorney Bar Number *(if applicable)*

_____
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

3320 N.E. 165th St.
Street Address

Miami FL 83160
City, State, Zip Code

Telephone: 786 – 859 – 9421

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant *[Party Name(s)]*
*(if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by _____

_____ [specify method of service] on _____[date]

on all counsel or parties of record on the Service List below.

_____
Signature of Filer

Concerning

VS
AURORA LOAN SERVICIS
RICHARD Baron, Home Owners Asso.

CASE# 12-23756
+
CASE 12-10066
BKC-LMI

+        COMPLAINT AGAINST JUDGE LAUREL M. ISICOFF FOR PREJUDICE AND RACISM

1). Judge Isicoff read and heard testimony witnesses of who saw and heard a Racist lawyer named Atty. Richard Baron saying "I'm going to get you little BLACK BOYS OUT of Quayside"(exhibit k.) and yet Judge Isicoff is predjudice and fringing on racism against us, when she says things like I'm not going to let you use me To slow down the inevitable foreclosure and eviction, and at hearing she believed all that atty. said against us and released our property out of stay even though we were HOMESTEADED which is prejudice against our objection to claim (see exhibit. a1.) which she or the bank never answered to because we know that the banks don't own the note

2). Judge Isicoff released the bank from the stay even though she didn't answer our objection to claim And the bank didn't ask for the release of stay according to the docket (see exhibit. b. ). She allowed Quayside Home Owners Association( H.O.A.) to break the stay to to force us out of the house without sanctioning them for turning off the water while we were in bankruptcy (see exhibit c 1-2-3). County Judge orders HOA Fla. Statute 718.303 to turn Water back on. (exhibit. d1-2.) .Audio transcript of Attorney Richard Baron purjuring himself saying he didn't know about the bankruptcy because he only came to one bankruptcy hearing and didn't know about the bankruptcy until 04/12/12 in transcript (exhibit. e1-2-3) regardless of the fact that we showed Judge Isicoff two affidavits of James Littlejohn and Alfred Davis informing H.O.A. of Bankruptcy in Febuary ( Exhibit F1-2 ). And Atty. Richard Baron is heard on a tape in 341(exhibit g.. is 341 audio tape of creditors meeting of Kurt Marin 03/10/12 order to email) meeting acknowledging the bankruptcy on 3/10/12, so HOA knew all the time that they were violating the STAY (Exhibit h. the Docket ) yet this was shown to Judge Isicoff but she said we didn't ask for sanctions yet on page 6 & 7 of transcript that shows we did ask for sanctions (exhibit I.1-2-3). And though we gave her the audio tape, with Atty. Baron's voice at a 2nd earlier meeting proving open perjury and knowledge of the Fed. Stay also affidavits and sworn a statement in court see transcript of HOA knowledge of the Stay (exhibit. h Docket shows stay in Jan. yet water turned off in Feb. and after 03/10/12, 341 meeting turned off again after March 27 with full knowledge of Stay )and (exhibit j1.), yet Judge Isicoff shows her prejudice against me by allowing them to lie and giving us no Justus and no sanctions causing us to lose all our property.

4). Judge Isicoff inaction is punishing us and helping the vigilanty banks foreclose and trying to allow the sell off of the rest of the property, all without answering our objection to their claims. Judge Isicoff had an emergency hearing filed by Maurice Symonette for a bankruptcy stay filed 06/13/12 which was violated (exhibit. J2-3. and see Gods2.com court video no. 4 showing banks knew of bankruptcy offered to Isicoff), yet Aurora Bank evicted us while in bankruptcy, violating the automatic stay in which the Fed. Law says you must ask the Bankruptcy Judge for relieve from stay to evict FRCP 65 RULE 7065 OF 11 USCS SS 362 (B) BUT Aurora evicted while Stay was active, yet we could not get an emergency hearing from Judge Isicoff which should have happened immediatedly as an Emergency yet she walked past me in the hallway of the court saying come back Monday while she knew from my emergency motion that our property would be sitting out in the rain all rainy weekend and the H.O.A. stole all our property out of the house on 07/04/12 (exhibit. k3 #3) Yet told us that monday she would set up a hearing, I asked Judge Isicoff to recuse herself because of her previous predjudice statements and actions assisting Atty. Baron who she knows said "I'm going to get you little Black Boys out of Quayside" , see witnesses affidavits that Judge read and heard witness testimony of (exhibit. k1.) and asked for her recusal for not

*Maurice Symonette*
*VS*
*AURORA LOAN SERVICE*
*LEHMAN BROTHERS BANK*

ruling on our objection to claim but ruling to lift a stay for banks without proof of claim when Bank didn't ask for Stay Relief see Docket (exhibit b.), WOW she would not recuse herself see (exhibit. k3.) then months later the court sends the mail to where we were evicted from and HOA would not give us access to (exhibit. L.) then informed us that sanctions were Denied because we missed Court, then weeks later reconsidered after reading motion and months later with us never getting notice (exhibit. m) set a hearing 11/27/12 to deliberately make us miss court and dismiss with PREJUDICE the obvious violation of STAY (exhibit. m2.), to help Aurora Bank steal our home and property all without a objection to proof of claim hearing (showing ownership of note) or a sanction hearing. We got no protection from the Federal Gov. big brother (Judge Isicoff) at all.

5).Judge Isicoff is predjudice against us, when she says things like I'm not going to let you use me To slow down the inevitable foreclosure and eviction, which is predjudice against our objection to claim (see exhibit. a1.) which she or the bank never answered to because we know that the banks don't own the note, Therefore they don't have a claim. According to New York Bankruptcy judge Grossman who said MERS can't assign notes cause they don't own the note see (NY Bankruptcy court case in re Ferrel L. Agard #810-77338-reg chapter. 7),(exhibit. a2.) and MERS said the same thing in (MERS v. Nebraska Dept. of Banking and Finance, 704 N. W .2d 784(Neb.2005), (exhibit. a3.), and in our Federal lawsuite against MERS, and AURORA BANK we sued for the same reason etc. and MERS and AURORA BANK couldn't respond and Defaulted and lost the case (exhibit. a4.) yet Judge Isicoff prejudges saying its inevitable. when this case is where MERS assigned the note to Aurora bank (exhibit. q) wow prejudice.6). The H.O.A. evicted us four times with Quayside HOA Guards like the Gestapo knocking on our door coming in the House grabbing my arm and walking us out the front Gate physically without a writ of possession and we were still in bankruptcy Stay, without a Judges order from the County Court with the Aurora Bank case, the HOA Eviction, foreclosure case or the Federal Bankruptcy Court, also the H.O.A wrote notices out to guards from Atty. Baron saying none of us that lived in 10671 NE Quaybridge ct. unit C-11 were not allowed back into the primises (exhibit p. HOA EVICTS us 04/18/12 well after knoeledge of Stay 04/12/12 ). (H.O.A.) disabled the in house elevator also turned off electicty as seen in affidavits from James Littlejohn and Maurice yet no sanctions were brought up against them. (exhibit c 1-2.). Now Judge Isicoff after obviously not sanctioning Aurora Bank and HOA for bankruptcy stay violations and perjury by HOA Atty. Baron who deliberately perjured himself in court to avoid admitting knowledge of the Stay and being sanctioned with the help of Judge Isicoff. And now Judge Isicoff on her own motion is now seeking to dismiss my case to hurt me again and to help HOA get away with violating Federal Stay (exhibit. o.) and cause us great loss of property with them dividing the stolen spoils with evil disgraceful Racist discrimination to keep us little Black Boys out of their complex. Judge is also seeking to hide her misconduct.

_____
KURT MARIN
3320 NE 165TH ST.

Miami, Fl. 33160

3

_____
MAURICE SYMONETTE
3320 NE 165th ST..

Miami, Fl. 33160

x *Fannie K Mitchell*

FANNIE K. MITCHELL
MY COMMISSION EXPIRES
March 24, 2015
#EE 077398
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

*Ex A1*

In  re:

Case No. *12-10066*
Chapter  *7*

*Kurt Marin*

_____ Debtor      /

## OBJECTION TO CLAIM

### IMPORTANT NOTICE TO CREDITOR:
### THIS IS AN OBJECTION TO YOUR CLAIM

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned [attorney][trustee] OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the [trustee][debtor(s)] object(s) to the following claim filed in this case *:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| *1* | *AURORA Loan Services* | *1,120,947.00* | *note is Invalid* |
|  |  |  |  |
|  |  |  |  |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

Case No. *12-10066*
Chapter *7*

*Kurt MArio*
_____Debtor_____ /

### OBJECTION TO CLAIM

### IMPORTANT NOTICE TO CREDITOR:
### THIS IS AN OBJECTION TO YOUR CLAIM

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned [attorney][trustee] OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the [trustee][debtor(s)] object(s) to the following claim filed in this case *:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 3 | *Heritage Pacific Fina.* # *0038463352* *American Surc. Corp* # *50306* | $ *1892,920.00* | *mortgage is not valid They do not have the note* *mortgage is not valid They do not have the note* |
| 4 | *Bank Atlantic* # *3010215669* | $ *128,769.19* | *mortgage is not valid They do not have the note* |
| *X* *5* | *American Svc Corp.* | $ *160,000.00* | *mortgage is not valid They do not have this note* |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

*Ex A1*

In  re:                                    Case No. *12-10066*
                                           Chapter *7*

*Kurt Marin*
_____  Debtor      /

## OBJECTION TO CLAIM

### IMPORTANT NOTICE TO CREDITOR:
### THIS IS AN OBJECTION TO YOUR CLAIM

2012 MAR -9 3:25

        This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

        If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned [attorney][trustee] OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

        If your entire claim is objected to and this is a chapter 11 case, you will **not** have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

        The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

        Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the [trustee][debtor(s)] object(s) to the following claim filed in this case *:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| *1* | *JP Morgan Chase Bank* | *$3,200,000.00* | *Promissory note is not Valid. They do not have the Note* |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

LF-24 (rev. 12/01/09)                       Page 1 of 3

5/10/12 Case 1:12-cv-24555-UU Document 1 Entered on FLSD Docket 12/31/2012 Page 9 of 40

AURORA LOAN SERVICES, LLC, v. JUDITH MENDES DA COSTA; Motion to Dismiss Granted – Judge's O...

## Assignment

*Exhibits A3*

The **assignment** attached to the amended complaint **is from Mortgage Electronic Registration Systems, Inc**. (hereinafter "MERS") to Plaintiff, **and that assignment is completely ineffective**. As nominee for the lender, MERS serves in a very limited capacity. Specifically, MERS records the mortgage and tracks ownership of the lien. **MERS has no substantive rights itself and, therefore, cannot assign what it does not have**. "A nominee of the owner of the note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee." LaSalle Bank Nat. Ass'n v. Lamy, 824 N.Y.S.2d 769, 2006 WL 2251721 (Sup.2006).

When a state agency found that MERS is a mortgage banker subject to license and registration requirements, MERS appealed to the Supreme Court of Nebraska and outlined its very limited role as nominee. "Subsequently, counsel for MERS explained that MERS does not take applications, underwrite loans, make decisions on whether to extend credit, collect mortgage payments, hold escrows for taxes and insurance, or provide any loan servicing functions whatsoever. MERS merely tracks the ownership of the lien and is paid for its services through membership fees charged to its members." Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking and Finance, 704 N. W.2d 784 (Neb.2005). "MERS argues that it does not acquire mortgage loans and ... only holds legal title to members' mortgages in a nominee capacity and is contractually prohibited from exercising any rights with respect to the mortgages (i.e., foreclosure) without the authorization of the members. Further, MERS argues that it does not own the promissory notes secured by the mortgages and has no right to payments made on the notes." Id. Emphasis added. "Documents offered during the Department hearing support the limited nature of MERS' services." [d. Based on the explanation from MERS itself and documents presented by MERS and reviewed by the Supreme

{closurefraud.org/.../aurora-loan-services-llc-v-judith-mendes-da-costa-motion-to-dismiss-granted-jud...

3/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

*Exhibit A4*

## CLERK'S DEFAULT

Symonette et al,                               CASE NO. 12-cv-21980-MGC

      Plaintiff(s),

v.

Aurora Loan Services LLC et al

      Defendant(s).
_____/

> FILED by __AR__ D.C.
>
> **Jul 11, 2012**
>
> STEVEN M. LARIMORE
> CLERK
> U.S. DIST. CT.
> S.D. OF FLA.

     It appearing that the defendant(s) herein, **Aurora Loan Services LLC,** is in default for

failure to appear, answer or otherwise plead to the complaint filed herein within the time required

by law.  Default is hereby entered against defendant(s) Aurora Loan Services LLC,  as of course, on

this date July 11, 2012.

                  **STEVEN M. LARIMORE**
                  CLERK OF COURT

                  By: s/Alex Rodriguez_____
                    Alex Rodriguez
                    Deputy Clerk

cc:    Hon. Marcia G. Cooke
       Counsel of Record
       Aurora Loan Services LLC
       1800 NW 49th Street, Suite 120, Ft. Lauderdale, FL 33309

Exh. C-2

## Affidavit

On March 11, 2012 Maurice Symonette and I , James Littlejohn, were at Quayside at our front door at 10671 Quaybridge Ct., when a female realtor came up and asked do we live there and we said yes. Then she tried to ask us more questions but we refused to answer her . Then she said that Arora Bank, the Home owners Association(HOA) and we are working together and we will get you out of that townhouse ! Three days later we got eviction papers from the HOA. Three to four weeks before the HOA cut the water off after 7 yrs. of no water bill in the whole complex . Then March 16-19th they cut off the electricity for three days . Then they stopped the elevator from working. Then forcibly by threat of police evicted us out of the house with no Judge's order .

James M. Littlejohn



*Exh. C.-3*

## Affidavit

On March 11, 2012 James Littlejohn and I , Maurice Symonette, were at Quayside at our front door at 10671 Quaybridge Ct., when a female realtor came up and asked us do we live there and we answered yes . Then she tried to ask us more questions and we refused to answer her. Then she said don't worry , Arora Bank , the Home owners Association(HOA),and we will get you out of that townhouse . Three days later we got eviction papers from the HOA. Three to four weeks prior the HOA cut the water off after 7 yrs. of no water bill in the whole complex. Then March 16th-19th they cut off electricity for three days. Then they stopped the elevator from working . Then forcibly by threat of police evicted us out of the house with no Judges order .

Maurice Symonette

Fannie Mitchell



*Exh.*
*C 1-2*

# RICHARD BARON & ASSOCIATES

## ATTORNEYS AT LAW

Richard Baron, Esq.
Nicole Baron Goldner, Esq. *
Ramon Sarmiento, Esq. **

(* admitted in Florida and Ohio)
(** admitted in Florida and New Jersey)

Suite 201
501 Northeast 1ˢᵗ Avenue
Miami, Florida 33132
Telephone: (305) 577-4626
Facsimile: 305-577-4630

**March 27, 2012**

**Kurt Marin**
**10671 N.E. Quayside Court**
**Unit C-11**
**Miami, Florida 33138-2218**

**Via Regular and Certified Mail**
**Return Receipt Requested**

Re:   Notice of Termination of Water Services

Dear Mr. Marin:

Please be advised that if you do not pay the Towers of Quayside Homeowners Association, Inc., and/or The Towers of Quayside Courtyard Villas #6 Condominium Association, Inc., all past due sums or make satisfactory payment arrangements for the sum of **$4,480.50** for water services to your unit **within 5 days** that your water service will be terminated.

Please contact Mr. Davis immediately to prevent the cessation of water to your unit.

Sincerely,

Richard Baron, Esq.
Fla. Bar # 178675

cc:   Tom Davis, General Manager
The Towers of Quayside Courtyard Villas #6 Condominium Association, Inc.,

*received  4/16/12*

*Note: There is no water bill at   Mayer*
*Quayside Ever*

**EXH D1**

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

☐ SMALL CLAIMS DIVISION

☒ CIVIL DIVISION

CASE NO: 12-05802 CC 23

SECTION NO: (09)

**FILED**

MAY 15 2012

CLERK CIRCUIT & COUNTY COURTS

The Towers of Quayside
Homeowners Association, Inc.,
AND THE TOWERS of Quayside
Court (or Quayside Villas #6
Condo Assoc.)                 Plaintiff(s)

Kurt Mavin and
Unknown Tenants in Possession

Defendant(s)

ORDER GRANTING/DENYING Emergency Motion To Require Landlord's
Compliance

THIS CAUSE came before the Court on the ___15___ day of ___May___ ___2012___

on PLAINTIFF'S/DEFENDANT'S Motion To Turn on Water to Unit 11

_____ and after hearing argument of counsel, it is

ORDERED AND ADJUDGED:

Plaintiff shail restore water service to condo.
Unit #11 As soon as possible.

_____

_____

_____

_____

_____

DONE AND ORDERED IN MIAMI-DADE COUNTY, FLORIDA THIS ___15th___

DAY OF ___May___ ___2012___.

SIGNED and DATED

MAY 15 2012

ERIC WM HENDON

COUNTY COURT JUDGE

Copies furnished to
Parties / Counsel of Record
Y17.01-207 10/03

EXH O-2

# RICHARD BARON & ASSOCIATES

## ATTORNEYS AT LAW

Richard Baron, Esq.
Nicole Baron Goldner, Esq. *
Ramon Sarmiento, Esq. **
(* admitted in Florida and Ohio)
(** admitted in Florida and New Jersey)

Suite 201
501 Northeast 1st Avenue
Miami, Florida 33132
Telephone: (305) 577-4626
Facsimile: 305-577-4630

**March 27, 2012**

**Kurt Marin**
**10671 N.E. Quayside Court**
**Unit C-11**
**Miami, Florida 33138-2218**

<u>**Via Regular and Certified Mail**</u>
<u>**Return Receipt Requested**</u>

Re: **Notice of Termination of Water Services**

Dear Mr. Marin:

Please be advised that if you do not pay the Towers of Quayside Homeowners Association, Inc., and/or The Towers of Quayside Courtyard Villas #6 Condominium Association, Inc., all past due sums or make satisfactory payment arrangements for the sum of **$4,480.50** for water services to your unit <u>**within 5 days**</u> that your water service will be terminated.

Please contact Mr. Davis immediately to prevent the cessation of water to your unit.

Sincerely,

Richard Baron, Esq.
Fla. Bar # 178675

cc: Tom Davis, General Manager
The Towers of Quayside Courtyard Villas #6 Condominium Association, Inc.,

received 4/16/12

Exh (E1)

Page 1

1          UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
2

3

4

IN RE:                    CASE NO. 12-10066-BKC-LMI
5
KURT MARIN,
6
              Debtor.
7  _____/

8

9

10  EVIDENTIARY HEARING RE: MOTION FOR SANCTIONS PURSUANT
     TO 11 USC 362(k) AUTOMATIC STAY VIOLATION AGAINST
11  QUAYSIDE HOMEOWNERS ASSOCIATION FILED BY THE DEBTOR
                         (81)
12

13              September 10, 2012

14

15              The  above-entitled cause came  on for

16  hearing before the HONORABLE LAUREL MYERSON ISICOFF,

17  one  of the Judges  in  the UNITED STATES BANKRUPTCY

18  COURT,  in and for the SOUTHERN DISTRICT OF FLORIDA,

19  at 51 SW 1st  Avenue, Miami,  Dade County, Florida,

20  on  Monday,  September 10, 2012,  commencing at  or

21  about  3:00 p.m.,  and  the  following  proceedings

22  were had:

23              Reported By:  Margaret Franzen

24

25

Page 33

1    MR. BARON:  I did.

2    THE COURT:  Okay.  The fact that you did

3 not receive official notice is of no moment --

4    MR. BARON:  Okay.

5    THE COURT:  -- you understand that?

6    MR. BARON:  I do.

7    THE COURT:  Once you know about a

8 bankruptcy -- once you get a phone call, once

9 somebody calls you and says, hey, I filed bankruptcy,

10 you have the right to say give me the case number so

11 I can confirm it, but once somebody tells you they

12 filed bankruptcy, you proceed at your own peril --

13    MR. BARON:  Yes, ma'am.

14    THE COURT:  -- if you ignore that.

15    So the date of the 341 Meeting, let's

16 take a look at that.

17    MR. BARON:  Was April 12th.                    → Lie

18    THE COURT:  Was April 12th, okay.  So that

19 was after the complaint for eviction was filed.

20    MR. BARON:  Correct.

21    THE COURT:  Okay.

22    MR. BARON:  At the time of the filing of

23 the eviction complaint, Judge, I did not know he was

24 in bankruptcy.

25    THE COURT:  Okay, and what was the date

Exhi (E3)

Page 49

1   Q    The pipes weren't cut like they were with

2   us?

3   A    I'm not going to answer.

4        THE COURT:  Answer the question if you know

5   the answer.

6        THE WITNESS:  Well, the pipes weren't cut,

7   so ---

8        THE COURT:  Then that's the answer.

9        MR. MARIN:  Thank you.

10        THE COURT:  All right.  Mr. Baron, did you

11   have any follow up questions?

12        MR. BARON:  No, ma'am.

13        THE COURT:  All right.  Thank you,

14   Mr. Davis, you can step down.

15        Okay.  So, Mr. Baron, when was the date

16   that the eviction action -- oh, June 13th you

17   said it was.

18        Now, Mr. Symonette has testified that

19   there were two 341 meetings.  I've looked on the

20   calendar, I do see that the trustee had scheduled

21   the 341 Meeting for -- it had been rescheduled

22   and then rescheduled.

23        Do you recall being at more than one

24   341 Meeting?

25        MR. BARON:  No, I was at one meeting, your

Ex. (FI)

# AFFIDAVIT

I James Littlejohn sometime at the end of February did go to the office of the homeowners association to inform them that the water was off. The homeowners association manager said they cut the water off, we informed him that Dr. Kurt Marin had already filed bankruptcy, and they could check with the bankruptcy courts, and they said they would check with their attorney's.

Sign _James M Littlejohn_

JAMES LITTLEjOHN

_Fannie Mitchell_

FANNIE K. MITCHELL
MY COMMISSION EXPIRES
March 24, 2015
#EE 077398
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

Ex. (F2)

# AFFIDAVIT

I . ALFRED DAVIS  sometime at the end of February did go to the office of the homeowners association to inform them that the water was off. The homeowners association manager said they cut the water off, we informed him that Dr. Kurt Marin had already filed bankruptcy, and they could check with the bankruptcy courts, and they said they would check with their attorney's.

Sign _____
ALFRED DAVIS

*Exh. I*

UNITED STATES BANKRUPTCY CO——
SOUTHERN DISTRICT OF FLORI——

Judge Laurel Myerson Isicoff

IN RE:

KURT MARIN,                    CASE NO: 12-10066-BKC-——

          Debtor.            **CERTIFIED**
_____/          **COPY**

FIRST MOTION TO EXTEND TIME TO OBJECT TO EXEMPTIONS, ——
ADDITION TO FIRST MOTION TO EXTEND TIME TO FILE SECTI——
COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR FILED BY ——
JACQUELINE CALDERIN. (77)
MOTION FOR SANCTIONS PURSUANT TO 11 USC 362(K) AUTOM——
STAY VIOLATION AGAINST QUAYSIDE HOMEOWNERS ASSOCIATI——
FILED BY DEBTOR KURT MARIN. (81)
MOTION FOR FACTS AND FINDINGS FILED BY DEBTOR KURT ——
(86)


                    MAY 7, 2012


          The above-entitled cause came on for hearing ——

the HONORABLE LAUREL MYERSON ISICOFF, one of the Jud——

the UNITED STATES BANKRUPTCY COURT, in and for the S——

DISTRICT OF FLORIDA AT LARGE, at 51 SW 1st Avenue, ——

Dade County, Florida, commencing at or about 9:30 a.——

Monday, May 7th, 2012, and the following proceedings ——

had:




              Reported by:  Amy L. Moorefiel——

      OUELLETTE & MAULDIN COURT REPORTERS, I——
                  (305) 358-8875

Page 6

```
 1              THE COURT:  That's a separate motion.  We're ---
 2              MR. MARIN:  Okay.
 3              THE COURT:  This is -- Mr. Miller represents the
 4    trustee.
 5              MR. MARIN:  Okay.
 6              THE COURT:  Okay?
 7              MR. MARIN:  Yes, I'm okay.
 8              THE COURT:  Okay.  So I'm going to grant your
 9    motion to July 2nd, Mr. Miller.
10              MR. MILLER:  I'll draft an order, upload it
11    today, Your Honor.
12              THE COURT:  Okay.
13              MR. MILLER:  And everything we do, Judge, we --
14    because we know he's pro se, he gets -- additionally gets
15    everything by mail, and if he gets a fax number to us
16    later, we'll also fax it to him.
17              THE COURT:  Okay.
18              MR. MILLER:  May I be excused, Your Honor?  I
19    don't believe I'm here on the balance of the motion for
20    stay relief.
21              THE COURT:  No, that's fine.  Okay.  That's fine,
22    Mr. Miller.  I'll see you at 11:30.
23              Okay.  So, Mr. Marin, now we're here on your
24    motions, okay.
25              All right.  So you've asked for a motion for
```

Exhibit I-3

1    sanctions against Quayside; is that correct?

2            MR. MARIN:  Yes.

3            THE COURT:  So how -- did you serve Quayside with

4    your motion?

5            MR. MARIN:  Yes, I did.

6            THE COURT:  Okay.  And how did you serve them?

7            MR. MARIN:  By paper.

8            THE COURT:  Okay.  Who did you give the paper to?

9            MR. MARIN:  The homeowners' association.

10           THE COURT:  Okay.  Just give me a moment to pull

11   it up.

12           MR. MARIN:  Illegal eviction.

13           THE COURT:  Okay.  Just give me a second.

14           Okay.  So you just -- you mailed it to the

15   homeowners' association?

16           MR. MARIN:  Directly.

17           THE COURT:  Okay.  And how do you know that

18   that's the homeowners' association's address?

19           MR. MARIN:  It's the office, the homeowners'

20   association.

21           THE COURT:  All right.  Well, I -- it does not

22   appear that service was proper, but let's just deal with

23   the issue so I can have a better understanding of what the

24   concern is.  They evicted you, or they just cut off your

25   heat and water?

CM/ECF LIVE - U.S. Bankruptcy Court:flsb

Page 1 of 1

Exh J2

United States Bankruptcy Court
Southern District of Florida



**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 06/04/2012 at 4:36 PM and filed on 06/04/2012.

**Maurice Symonette**
10671 NE Quaybridge CT
Miami, FL 33138
SSN / ITIN: xxx-xx-9067

FILED
06/04/2012
4:25 PM

The bankruptcy trustee is:

**Marcia T Dunn**
555 NE 15 St #7712
Miami, FL 33132
786-433-3866

The case was assigned case number 12-23756-LMI to Judge Laurel M Isicoff.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor
and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the
debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the
Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet*
home page www.flsb.uscourts.gov or at the Clerk's Office, , .

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important
deadlines.





**Katherine Gould Feldman**
**Clerk, U.S. Bankruptcy Court**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA
CASE NO. 08007622CA01

AURORA LOAN SERVICES, LLC,

    Plaintiff,

vs.

MARIN, KURT, ET AL,

    Defendants.

ORDER ON PLAINTIFF/PURCHASER'S VERIFIED
MOTION FOR WRIT OF POSSESSION

THIS ACTION, came before the Court on _June 13_, 2012, upon Plaintiff/Purchaser's verified Motion for Writ of Possession. On the evidence presented, and after hearing argument of counsel for the Plaintiff, and the court being duly advised, it is,

ADJUDGED that Plaintiff/Purchaser, recover possession of the real property described as follows:

    10671 NE QUAYBRIDGE CT UNIT C11, MIAMI SHORES, FL 33138

for which let Writs of Possession and Execution now issue.

ORDERED in Chambers in Miami, Miami-Dade County, Florida this _____ day of __JUN 1 3 2012__, 2012.

_Ellen L. Leesfield_
Judge

Ellen L. Leesfield
Circuit Court Judge

cc:    As per attached mailing list

EG12-1002

*[handwritten] This court has considered The Bankruptcy order filed on 6/9/12 however said proceeded was filed After judgment was rendered in this case ... not effect WRIT*

affidavit

on the day of 04/10/12 i james buckman wnt to a 341 meeting at the federal courthouse we were walking out side the courthouse and Richard Baron the attorney for H.O.A. had attended

the meeting was walking out side the courthouse in front of us he looked at us and said" I'm going to get you little black boys out of quayside".

_James Buckman_

James  Buckman

_Fannie Mitchell_

FANNIE K. MITCHELL
MY COMMISSION EXPIRES
March 24, 2015
#EE 077398
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

1

Exh. K1+

**affidavit**

on the day of 04/10/12 _Maurice Symonette_    went to a 341 meeting at the federal courthouse we were walking out side the courthouse and Richard Baron the attorney for H.O.A. had attended

the meeting was walking out side the courthouse in front of us he looked at us and said" I'm going to get you little black boys out of quayside".

_MAURICE Symonette_

_Fannie Mitchell_

1

**affidavit**

on the day of 04/10/12   Kurt Marin      went to a 341 meeting at the federal courthouse we were walking out side the courthouse and Richard Baron the attorney for H.O.A. had attended

the meeting was walking out side the courthouse in front of us he looked at us and said" I'm going to get you little black boys out of quayside".

KURT MARIN

*Exhibits K3*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO.:12-23756 LMI
MAURICE SYMONETTE
    Debtor.
_____/

### MOTION TO CHANGE VENUE

COMES NOW, the Debtor in Pro Se, respectfully moves the Court in the above-styled cause herein for a Change of Venue from Miami Southern District to Fort Lauderdale North District pursuant to Fed. R. Bank P. 1014/Clarification Act of 2011, and in supports states the following:

1. The Debtor believes that he will not receive a fair ruling on any of the issues involved on the Bankruptcy.

2. The Debtor feels and believes that the Judge and/or other Judges in this Southern Jurisdiction who will be prejudicial against him because of prior exposure of other cases.

3. The current Bankruptcy Judge Laurel Isicoff, has shown a preponderance of what the Debtor believes is a prejudicial attitude. I.e. she failed to hold an emergency special hearing when an illegal eviction took place and she failed to hold responsible those individuals that willfully violated the automatic stay, which cause Debtor great monetary damage and emotional stress.

4. The court used verbal threats which intimidated the Debtor, brought unnecessary fear and anxiety, with the court's continuous driving on the Debtor in that authoritarian voice that ultimately brought fear and disruption to the Debtor. The use of intimidation each time Debtor appears in the courtroom completely unnerves the Debtor and brings great fear to the Debtor as a result the Debtor is unable to present the case intelligently.

5. Nearly one (1) month ago Debtor was told by the Court that Court would contact personally the individuals that were responsible for violating the Stay Order, and bring them into Court to answer or defend themselves.

Attached hereto are points of authority and memorandums of law:

Federal Civil Procedure Rule 12 (b) 28 U.S.C.A. challenge to the jurisdiction does not raise grave questions going in the merit of controversy. *U.S. Tribune Review Publishing Company v. Thomas D.C.P.A. 163 F.Supp. 486 offered C.A. 254 F.2d 883. Under the old judicial code March 3, 1875, 18 U.S. S.T. at L.P 472 c 137 5 as amended. By express authority of*

statutes an action may be transferred to another district to another on the grounds of nonconveniens . Conveniens of parties and witnesses Title U.S.C. 1404 (a) in the interest of justice. U.S.-Early & Daniel Co. v. Wedgefield, Inc., D.C.N.C., 164 F. Supp. 414 – Stiffel  Co. v. Sears, Roebuck & Co., D.C.NC., 162 F. Supp. 637-Nocano Leather Goods Co. V. A.G. Spalding & Bros., Inc., D.C. Del ., 159 F. Supp.269. U.S Markantonatos v. Maryland Drydock Co., D.C.N.U., 110 F. Supp. 862- Jenkins v. Wilson Freight Forwarding Co., D.C. N.Y.., 104 F. Supp. 422- Dolly Toy co. v. Bancroft-Rellim Corp. D.C.N.Y., 97 F. Supp .531

    28 U.S.C.A 1404 (a)  provides that for the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought finds root in the doctrine of forum non-conveniens, the doctrine under which a court could decline jurisdiction. However now it is apparent that a more conveniens forum  exists. U.S.-Ex parte Collett, Ill & Ky., 69 S. Ct. 944, 959, 337 U.S. 55 93 L.Ed. , 1207, 10 A.L.R.2d 921. Chicopee Mfg. Corp  v. Kendall Co., D.C.S.C., 155 F. Supp. 248- Blackwell v. Vance Trucking Co. D.C. S.C., 139 F. Supp. 103- Rhodes v. Barnett (No. 1), D.C.N.Y., 117 F. Supp. 312-Marks v. Fireman´s  Fund Ins. Co.,  D.C.N.Y., 109 F. Supp. 800- Latimer  v. S/A Industrias Reunidas F. Matarazzo, D.C.N.Y., 91 F. Supp., 469 – Levenson v. Little, D.C.N.Y., 81 F Supp. 513-Richer  v. Chicago, R.I. & P.R/ Co., D.C.Mo., 80 F.Supp.971

    By the adoption of this section congress intended to broaden the old doctrine for forum non-conveniens. The harsh nest of the old rule, required the court to either retain the case or dismiss it. U.S. – Chicago , R. I & P.R. Co.  v. Hugh Breeding, Inc., C.A. Okl., 232 F.2d 584.  This does not require dismissal but permits transfer to a district where there is a more convenient forum. U. S. – Caldwell Mfg. Co. v. Unique Balance Co., supra. D.C. – Blake  v. Capitol Greyhound Lines222  F.2d25, 95 U.S.App.D.C. 334. Which would allow courts to grant transfers on a lesser showing of inconvenience than was under forum non-conveniens. Caldwell Mfg. Co.  v. Unique Balance Co., D.C.N.Y., 18 F.R.D. 258 – Rubin  v. General Tire & Rubber Co., D.C.N.Y., 18  F.R.D. 51. All courts have power and it is there duty to grant change of venue.

    WHEREFORE, the Debtor moves the court to grant the change of venue as requested here above and supported by case law.

MAURICE SYMONETTE, Pro Se
3320 N.E. 165TH STREET
MIAMI, FL 33160
(786) 859-9421

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail on this ____ day of August, 2012, to: MARSHALL WATSON, ESQUIRE, Shapiro & Fishman, P.A., 2424 N. Federal Highway, Suite 360, Boca Raton, Florida 33431, American Home Servicing, P.O BOX 631730, IRVING, TX 75063-1730 and MOUNTAIN PEAKS FINANCIAL, 6560 GREENWOOD PLAZA BLVD, SUITE 325, ENGLEWOOD, CA 80111.



**AFFIDAVITT**

      I Maurice Symonette have been checking the mailbox here at 3320 N.E. 165th

Street Miami Beach Fl. 33160 everyday since the court date the Judge at the bankruptcy

Court (Judge Laurel M. Isicoff) said she would mail out my  court date hearing for

Sanctions against Aurora Bank FS.

MAURICE SYMONETTE





**ORDERED in the Southern District of Florida on December 2, 2012.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                    Case No. 12-23756-BKC-LMI

MAURICE SYMONETTE,                        Chapter 7

        Debtor.
_____/

### ORDER TO SHOW CAUSE WHY THIS BANKRUPTCY
### CASE SHOULD NOT BE DISMISSED

This matter came before the Court upon the Court's review of the docket in this case. The Debtor has scheduled only two creditors in this case, both secured creditors. The Debtor has not scheduled any unsecured creditors. Moreover, the Debtor has stated he has no income and has had none for the past three years, yet he has previously claimed in court to have some business related to recording or music. The Debtor also filed for bankruptcy in 2008 (Case No. 08-23786-LMI). Case No. 08-23786-LMI was dismissed with prejudice for one year because the Debtor violated an order of this Court in a related bankruptcy case (ECF #44 in Case No. 08-22795-

Apr 19 12 06:41a

*Exh.(P.)*

# RICHARD BARON & ASSOCIATES
## ATTORNEYS AT LAW

Richard Baron, Esq.
Nicole Baron Goldner, Esq. *
Ramon Sarmiento, Esq. **

(* admitted in Florida and Ohio)

(** admitted in Florida and New Jersey)

Suite 201
501 Northeast 1st Avenue
Miami, Florida 33132
Telephone: (305) 577-4626
Facsimile: 305-577-4630

April 18, 2012

Mr. Tom Davis, Manager
Towers of Quayside Homeowner's Association
One Quay Drive
Miami, Florida 33138-2218

Re:     Notice of Termination of Entry Right for Unauthorized
Residents

Dear Mr. Davis:

Pursuant to the Board of Director's request, I reviewed the Rules and Regulations of the Towers of Quayside Homeowner's Association (hereinafter the "Association's Rules") to determine if continued access to the property is permitted for individuals who claim to be residents, but had never been certified as residents by the owner of a unit. Four individuals; Maruice Symonette aka Michael Symonette, James Littlejohn, Alfred Davis and 4) Bruce (last name unknown) claim their residency through Mr. Kurt Marin. I have been advised that the Association has no record of Mr. Marin ever certifying these individuals to the manager as "residents" as required by the Association's Rules. Accordingly, they are not residents as defined in the Association's Rules.

Please be advised that as of today's date, Maruice Symonette aka Michael Symonette, James Littlejohn, Alfred Davis and 4) Bruce (last name unknown) are unauthorized trespassers and Security should not permit any of them entry to the Towers of Quayside Property. These individuals must be removed from the Quayside security system and must no longer be granted access to Quayside.

With regard to Mr. Kurt Marin, he too should be denied access to the property. Pursuant to the Association's Rules, his failure to pay more than $50,000.00 in dues, fees, water fees and assessments caused him to be suspended from "enjoyment and use" of the property. Therefore, he too should be removed from the Quayside Security System until his suspension has terminated by virtue of him paying the outstanding balance owed the two Associations.

I suspect when security denies access to anyone named in this letter, law enforcement may get involved. If that is the case, my cell phone no. is: 305-528-2688 and you can advise security to give that number to any police officer who may require clarification of this letter.

*Attorney's cell phone #*

*Exh.*

Ex (0)

CFN 2007R0721122
OR Bk 25794 Pgs 4751 - 4752; (2pgs)
RECORDED 07/20/2007 17:44:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Recording Requested By:
AURORA LOAN SERVICES

When Recorded Return To:

Susan Lindhorst
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

FC

## CORPORATE ASSIGNMENT OF MORTGAGE

Miami-Dade, Florida
SELLER'S SERVICING #:0038463352 "MARIN"

MERS #: 100025440083208686 VRU #: 1-888-679-6377

Date of Assignment: May 11th, 2007
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK at G4318 MILLER ROAD, FLINT, MI 48507
Assignee: AURORA LOAN SERVICES LLC at 601 5TH AVENUE, PO BOX 1706, SCOTTSBLUFF, NE 69361
Executed By: KURT MARIN, A SINGLE MAN  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
Date of Mortgage: 06/12/2006 Recorded: 06/17/2006 in Book/Reel/Liber: 24641 Page/Folio: 2115 as Instrument No.: 2006R0662554 in Miami-Dade, Florida

Property Address:  10671 NE QUAYBRIDGE COURT, MIAMI SHORES, FL 33138

    KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $944,000.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
On May 11th, 2007

By: _____
MICHELE THOMPSON, Vice-President

WITNESS _____           WITNESS _____
Janie Flores                                                          Susan Lindhorst

STATE OF Nebraska
COUNTY OF Scotts Bluff

ON May 11th, 2007, before me, JOANN REIN, a Notary Public in and for the County of Scotts Bluff County, State of Nebraska, personally appeared MICHELE THOMPSON, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
JOANN REIN
Notary Expires: 12/27/2008

                                                                (This area for notarial seal)

"SFL"SFLALSI*05/11/2007 04:46:59 PM* ALB01ALSIA000000000000000388907* FLOADE" 0038463352 FLSTATE_MORT_ASSIGN_ASSN "*SFLALSI"

07-07268

Creditor List

Mountain Parks Financial
6560 Greenwood Plaza blvd.
Suite 325 Englewood Co. 80111

. American Home Mortgage Servicing
P.O. Box 631730
Irving TX. 75063-1730

B 1D (Official Form 1, Exh. D) (12/08) - Cont                                                                        Page 2

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _Mael L Wells_

Date: 12-17-12

B 1D (Official Form 1, Exhibit D) (12/08)

# UNITED STATES BANKRUPTCY COURT

In re *Mack L. Wells*                     Case No. _____
_____Debtor_____                                    *(if known)*

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☒ 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

| B1 (Official Form 1) (12/11) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):** |
|---|---|

| **Signatures** | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *Mack L. Wells*<br><u>Signature of Debtor</u><br>X 786-923-6461<br><u>Signature of Joint Debtor</u><br><br>Telephone Number (if not represented by attorney)<br>12/18/12<br><u>Date</u> | **Signature of a Foreign Representative**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X _____<br><u>Signature of Attorney for Debtor(s)</u><br><br>Printed Name of Attorney for Debtor(s)<br><br>Firm Name<br><br>Address<br><br>Telephone Number<br><br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br><u>Signature of Authorized Individual</u><br><br>Printed Name of Authorized Individual<br><br>Title of Authorized Individual<br><br>Date | Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Case 12-40009-LMI   Doc 1   Filed 12/18/12   Page 2 of 7

| B1 (Official Form 1) (12/11) | Page 2 |
|---|---|

| **Voluntary Petition** ✓ <br> *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** *Mack L. Wells* |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location <br> Where Filed: | Case Number: <br> *10-41269 LMI* | Date Filed: <br> *10-14-2010* |
|---|---|---|
| Location <br> Where Filed: | Case Number: <br> *08-12277 RAM* | Date Filed: <br> *2-28-2008* |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)          Case 12-40009-LMI   Doc 1   Filed 12/18/12   Page 1 of 7

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>WELLS, MACK LEWIS Jr | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):  2348 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>14180 N.W. 14th Ave.<br>MIAMI FL 33167<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>MIAMI DADE | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>SAME<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check<br>this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12          ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                              Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or<br>against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under title 26 of the United States<br>Code (the Internal Revenue Code). | ☑ Debts are primarily consumer     ☐ Debts are<br>debts, defined in 11 U.S.C.          primarily<br>§ 101(8) as "incurred by an          business debts.<br>individual primarily for a<br>personal, family, or<br>household purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☑ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment<br>on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptance of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |